**Constance MACDONALD; Michael MacDonald, Plaintiffs–Appellants,**

**v.**

**NATIONAL STEEL CORPORATION, Great Lakes Steel Division, Defendant–Appellee.**

**No. 00–1139.**

United States Court of Appeals, Sixth Circuit.

Aug. 20, 2001.

Before KRUPANSKY, SUHRHEINRICH, and SILER, Circuit Judges.

PER CURIAM.

Plaintiffs Constance MacDonald ("Constance" or "Plaintiff") and Michael MacDonald ("Michael") (collectively "Plaintiffs") appeal the district court's grant of summary judgment in favor of Defendant National Steel Corporation. Plaintiffs, husband and wife, brought a hostile work environment sex harassment claim against Defendant under Michigan's Elliott–Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101 *et seq.*, for its repeated discipline of Constance, and a loss of consortium claim, among other claims not at issue on appeal. Plaintiffs assert the court used the wrong legal analysis and improperly made factual findings on the sex harassment claim. They also assert that, because the court erred in granting summary judgment on that claim, the loss of consortium claim should not have been dismissed either.

Constance became a security guard for Defendant in 1975. She was not disciplined for the twenty years between 1977 and 1997. William Havican became security supervisor in 1997. Plaintiff bases her ELCRA claim on three disciplinary actions that occurred after he was promoted.

The first incident occurred in May 1997, when Havican discovered Constance asleep in front of a television. Other employees who slept or violated the television policy had not received discharge notices, the discipline Plaintiff originally received. When Plaintiff grieved the discipline, it was reduced to a fifteen-day suspension.

The second incident occurred on March 25, 1998, when Havican issued a written warning to Constance charging her with negligence in the performance of her duties. The warning followed an audit conducted by an outside firm that included videotaping guards. Plaintiff was taped on the evening of February 23, 1998. Although the videotape is poor, Plaintiff can rarely be observed during her shift, even though her job requires that she take a pass from vehicles entering and exiting the property. She eventually received a discharge notice as a result of this incident. She grieved and the union negotiated her return to work. Other guards, apparently all men, were also audited and, as a result, were also disciplined. These other guards received varying levels of discipline, including discipline greater than what Constance ultimately received.

The third incident involved a meeting held with security guards in order to review their duties that Constance missed. She again received a discharge notice, which she grieved. After the hearing, the charges were expanded to include falsification of material facts, insubordination, and prior record of misconduct. However, her reinstatement was again negotiated with the time lost to serve as a 30–day final corrective penalty. Other guards were not disciplined for failure to attend the meeting.

Constance returned to work and has remained employed ever since. However, she is fearful that anything she does will cause her termination.

This Court reviews a grant of summary judgment *de novo*. *Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir.1997). Summary judgment is proper where the pleadings, affidavits and other materials in the record show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

Under the ELCRA, there are two types of sexual harassment in the workplace: (1) *quid pro quo* harassment, and (2) hostile work environment harassment. *Chambers v. Trettco, Inc.*, 463 Mich. 297, 614 N.W.2d 910, 915 (2000). Plaintiff presented a hostile work environment harassment claim. Thus, she was required to show:

> (1) the employee belonged to a protected group; (2) the employee was subjected to communication or conduct on the basis of sex; (3) the employee was subjected to unwelcome sexual conduct or communication; (4) the unwelcome sexual conduct or communication was intended to or in fact did substantially interfere with the employee's employment or created an intimidating, hostile, or offensive work environment; and (5) respondeat superior.

*Chambers*, 614 N.W.2d at 915. In regard to the fifth element, the plaintiff must "prove that the employer failed to take prompt and adequate remedial action upon notice of the creation of a hostile work environment." *Id.* at 916, 917–18. In other words, the Plaintiff must prove *"fault* on the part of the employer." *Id.*

The district court held that Plaintiff failed to provide evidence of sexual conduct or communication, and to show that "but for" her sex she would not have been disciplined. The court further held that, even if it accepted Plaintiff's argument that the progressive discipline constituted unwelcome sexual conduct or communication, Plaintiff failed to present sufficient evidence of a hostile work environment because the incidents took place over the course of a year, were too sporadic, and Plaintiff admittedly violated some of Defendant's policies. Thus, the court held that a reasonable person could not conclude Defendant's conduct substantially interfered with her employment. The court therefore granted Defendant's motion for summary judgment. Because Constance's ELCRA claim failed, and Michael's loss of consortium claim is derivative of the ELCRA claim, the court also dismissed Michael's claim.

We have carefully reviewed the parties' briefs and their oral argument. We reject Plaintiff's argument that the court used the wrong legal analysis and improperly made factual findings on the sex harassment claim. The record is devoid of evidence that Plaintiff was subjected to unwelcome sexual conduct or communication. Indeed, in light of the discipline given to male employees, especially regarding the audit incident, Plaintiff was also not subjected to communication or conduct on the basis of her sex. Even if an inference is raised of Havican's gender-based animus based on evidence of his discipline of other women, the record simply does not support an inference that it was pervasive or severe enough to create a hostile work environment. Further, Plaintiff did not show that she gave notice to Defendant of any unwelcome sexual conduct or communication that was interfering with her employment so that Defendant could take remedial steps. In short, Plaintiff failed to demonstrate genuine issues of material fact requiring a trial.

Michael's loss of consortium claim also was properly dismissed. *Eide v. Kelsey–Hayes Co.*, 431 Mich. 26, 427 N.W.2d 488, 488–89 (1988).

Thus, we AFFIRM for the reasons more fully articulated by the district court in its order dated January 13, 2000.